1  Martin Quinn
2  JAMS
   Two Embarcadero Center, Suite 1100
3  San Francisco, CA 94111
   Telephone: (415) 982-5267
4  Fax: (415) 982-5287

5  SPECIAL MASTER
6
7
8
9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFO\RNIA

11
12
   | RENEE CONTRATTO, on behalf of herself | Case No.:   C03-3804 MJJ (BZ) |
13 | and the general public, | JAMS REF. NO. 1100043994 |
14 | | |
   | Plaintiff(s), | SPECIAL MASTER'S ORDER No. |
15 | | 2: DEFENDANTS' MOTION TO |
   | vs. | COMPEL PRODUCTION OF |
16 | | ATTORNEYS' NOTES RE |
17 | ETHICON, INC. et al., (dba GYNECARE | INTERVIEW OF DR. METZGER |
   | WORLDWIDE), a New Jersey Corporation; | (Hrg. 5/17/05) |
18 | JOHNSON & JOHNSON, a New Jersey | |
   | Corporation; LIFECORE BIOMEDICAL, INC., | |
19 | a Florida Corporation; and DOES 1-25, | |
20 | | |
   | Defendant(s). | |
21 | | |
22

23
24      On May 17, 2005, the motion of defendants Ethicon, Inc. and Lifecore Biomedical, Inc.

25 to compel plaintiff to produce her attorneys' notes of their 11/12/03 interview of Dr. Deborah

26 Metzger was heard by Special Master Martin Quinn by telephone conference call.  Having

   considered all the argument submitted by the parties, the Special Master orders as follows.
27
28

H:\Quinn\Contratto Order2 51905.doc

1

## I.   Relevant Facts

This motion deals with the application of work product protection to notes taken by attorneys during their interview of a critical witness.

Dr. Metzger was plaintiff's surgeon who performed the operations in the course of which Intergel was used. Dr. Metzger's practice is to videotape her procedures, and she did so, or attempted to do so, during the three procedures on plaintiff in August-September 2002. Videotapes of the first and third procedures are available, and have been produced to defendants. However, no one has been able to locate a videotape of the second procedure on August 27, 2004, although plaintiff's husband testified that he watched it. Dr. Metzger testified that the video equipment may have malfunctioned.

On November 11, 2003, plaintiff's counsel (Bill Kershaw and Stuart Talley) interviewed Dr. Metzger in person. No one else was present. Both attorneys took notes of the conversation. Dr. Metzger testified that during the interview she and the lawyers watched videotapes. The lawyers say she is mistaken: they didn't watch any videotapes.

Since the August 27 videotape is unavailable (or never existed), defendants assert that they lack critical evidence about the August 27 procedure, and Dr. Metzger's clinical impressions about it. Therefore, they seek these attorney notes to fill that gap. If the notes contain any discussion of the August 27 videotape, or the August 27 procedure, or Dr. Metzger's clinical impressions of that procedure, that information will partially compensate for the loss of the August 27 videotape itself. Moreover, Dr. Metzger's impressions in 2003, if they were recorded by counsel, are likely to be more reliable than those to which she testified in her deposition 16 months later. They assert there is no other source of such relevant, important information.

Plaintiff argues that her attorneys' notes are protected by the work product doctrine, and that there is no evidence that they waived this protection.

## II.   Analysis

Plainly, notes taken by an attorney during the interview of a witness are trial preparation materials to which work product protection would attach. However, such materials may be discoverable upon a showing that the party seeking discovery has a "substantial need" of the

materials and cannot "without undue hardship...obtain the substantial equivalent of the materials by other means." The court shall, however, not disclose the mental impressions or conclusions of an attorney. FRCP 26(b)(3).

The Special Master concludes that defendants have made a very slim showing of "substantial need." The obvious source for evidence about the August 27 procedure, and Dr. Metzger's impressions of it, is Dr. Metzger herself. Defendants deposed her. The mere fact that she may have made a prior statement to plaintiff's counsel about the same subject is insufficient to show a "substantial need." Were that enough to breach the work product protection, there would be little or no protection available to attorneys who diligently interview important witnesses early in a case. Were it not for the absence of the August 27 videotape, the Special Master would deny defendants' motion in its entirety. However, because there is some evidence (plaintiff's husband's testimony) that such a videotape once existed, and no one can now find it, the Special Master concludes that defendants have a "substantial need" to see any portion of the notes that refer to the August 27 surgery or a videotape, and that there is no adequate alternative source for such evidence

By agreement of the parties, the Special Master has reviewed *in camera* the two sets of notes. The notes contain no reference to videotapes. A small portion of one set of notes (apparently taken by Mr. Talley) refers to Dr. Metzger's treatment of plaintiff, and only one line specifically refers to the second surgery on August 27. Out of an abundance of caution to ensure that all relevant evidence is made available, the Special Master will grant defendants' motion for production of the entire portion of the notes dealing with the treatment of plaintiff, and deny their motion as to the remainder of the notes. The Special Master will return the notes to plaintiff's counsel with an indication of the portion to be produced, and plaintiff's counsel shall produce only that portion of the notes forthwith to defendants.

### III.   Order

Accordingly, good cause appearing, it is ORDERED that:

1.      Defendants' motion is GRANTED IN PART. Plaintiff shall produce on or before May 23, 2005, that portion of the notes that discusses Dr. Metzger's treatment of plaintiff, including the August 27 surgery.

H:\Quinn\Contratto Order2 51905.doc

2.    The JAMS charges for the Special Master to hear this motion shall be paid one-half by plaintiff and one-half by Ethicon and Lifecore.

Dated: May 19, 2005

Martin Quinn, Special Master