Martin Quinn
JAMS
Two Embarcadero Center, Suite 1100
San Francisco, CA 94111
Telephone: (415) 982-5267
Fax: (415) 982-5287

SPECIAL MASTER

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE CONTRATTO, on behalf of herself and the general public,<br><br>Plaintiff(s),<br><br>vs.<br><br>ETHICON, INC. et al., (dba GYNECARE WORLDWIDE), a New Jersey Corporation; JOHNSON & JOHNSON, a New Jersey Corporation; LIFECORE BIOMEDICAL, INC., a Florida Corporation; and DOES 1-25,<br><br>Defendant(s). | CASE #: C03-3804 MJJ (BZ)<br>JAMS Ref#: 1100043994<br><br>SPECIAL MASTER'S ORDER NO. 3: PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS LISTED ON ETHICON'S PRIVILEGE LOG (Hrg. 6/1/05) |

On June 1, 2005, plaintiff's motion to compel Ethicon, Inc. to produce documents listed on Ethicon's privilege log was heard by Special Master Martin Quinn by telephone conference call. The Special Master then held an *in camera* hearing to review the documents in question with counsel for Ethicon. Having considered all the argument submitted by the parties and reviewed all the documents in question, the Special Master orders as follows.

## I. Relevant Facts

Plaintiff questions whether many of the documents listed on Ethicon's privilege log are truly privileged or entitled to work product protection. Plaintiff asked that the Special Master review *in camera* and rule on 45 documents that appeared from the descriptions on the log not to involve communication to or from a lawyer. Most were e-mails; a few were memoranda or notes of meetings or conversations.

## II. Analysis

The basic principle is that the attorney-client privilege protects only documents that disclose the substance of a confidential communication between a client and a lawyer. The ambit of the privilege covers also communications with agents for either the lawyer or client and other individuals who are necessary to enable the legal representation to be effective.

The Referee concludes that many of the 45 documents, while tangentially associated with legal work or a lawyer-client communication, do not themselves disclose any part of a confidential communication. Ethicon will be ordered to produce those documents. Other documents either directly or because of their context do disclose a confidential communication, or reveal the substance of a lawyer's activities on behalf of Ethicon. As to those documents Ethicon has properly claimed a privilege.

Two documents require special comment. No. 1112 will be ordered produced notwithstanding that it bears a warning that it is "Confidential – Attorney Work Product," because nothing in the substance of the document or any information counsel could provide indicated that it was in fact attorney work product. However, production of this document shall not be deemed a waiver of Ethicon's work product protection. No. 2447 is a group of handwritten notes of an interview of David Wiseman taken by John Sheets, Ethicon's Vice President for Research and Development. Ethicon's counsel advised the Special Master that litigation between Ethicon and Wiseman was anticipated at the time of this meeting. Wiseman's lawyer was present during the interview. Ethicon's lawyer represented to the Special Master that Ethicon's counsel asked Sheets, who has technical knowledge, to take notes at the meeting in order to convey the technical information to the lawyers in an understandable fashion. This characterization is borne out by the content of the notes. The document is privileged because Sheets was acting at the request of attorneys to take notes for the purpose of conveying technical information to the attorneys in a way they could understand.

### III. Order

Accordingly, good cause appearing, it is ORDERED that:

1. Ethicon shall produce the documents numbered as follows on its privilege log: Nos. 73, 80, 91, 94, 174, 175, 199, 322, 340, 368, 498, 1009, 1061, 1112, 1114, 1118, 1155, 1229, 1304, 1310, 1311, 1339, 2001, 2326, 2353, 2445.

2. The following numbered documents are privileged, and need not be produced: Nos. 196, 216, 244, 338, 346, 347, 351, 431, 432, 1091, 1102, 1686, 2334, 2335, 2447.

3. Ethicon shall produce the following documents because they are MDDRP documents ordered produced by Special Master's Order No. 1, and are not privileged: 782-784, 2076, 2110.

4. The JAMS charges for the Special Master to hear this motion shall be paid one-half by plaintiff and one-half by Ethicon.

Dated: June 9, 2005

Martin Quinn, Special Master