Martin Quinn
JAMS
Two Embarcadero Center, Suite 1100
San Francisco, CA 94111
Telephone: (415) 982-5267
Fax: (415) 982-5287

SPECIAL MASTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE CONTRATTO, on behalf of herself and the general public,<br><br>Plaintiff(s),<br><br>vs.<br><br>ETHICON, INC. et al., (dba GYNECARE WORLDWIDE), a New Jersey Corporation; JOHNSON & JOHNSON, a New Jersey Corporation; LIFECORE BIOMEDICAL, INC., a Florida Corporation; and DOES 1-25,<br><br>Defendant(s). | **CASE #: C03-3804 MJJ (BZ)**<br>**JAMS Ref#: 1100043994**<br><br>**SPECIAL MASTER'S ORDER NO. 4: PLAINTIFF'S MOTION FOR SANCTIONS (Hrg. 7/8/05)** |

On July 8, 2005, plaintiff's motion for sanctions against Ethicon and Lifecor was heard by Special Master Martin Quinn by telephone conference call. Having considered all the argument submitted by the parties and reviewed all the documents in question, the Special Master orders as follows.

### I.   Relevant Facts

Plaintiff seeks sanctions for defendants' alleged failure to produce documents in accordance with a court order and repeated failures to produce documents on time. Plaintiff has filed four motions to compel production. Plaintiff claims she has been prevented from taking adequate depositions of fact witnesses, and inhibited in preparing her expert witnesses.

Plaintiff served her first Request for Production of Documents in November 2003. In June 2004, she filed her first motion to compel. After a discovery conference with Magistrate Judge Zimmerman, on July 26, 2004 defendants served supplemental responses (Kershaw decl., Exh. 1 & 2). After a further delay in production, plaintiff served a second motion to compel in October 2004. After another hearing before Magistrate Zimmerman, on November 9, 2004, the parties entered into a Stipulation re Production of Documents and Order (Kershaw decl., Exh. 4), in which defendants agreed to produce documents in accordance with a detailed schedule between October 2004 and January 2005. Once again delay ensued, and defendants failed to produce all documents within the prescribed deadline (they produced 8,000 pages over two months late). Defendants note that some of the delay was attributable to plaintiff's failure to pay for copying charges.

Since the documents were produced with significant redactions, plaintiff served her third motion to compel in April 2005. Defendants then advised the Special Master and plaintiff that they had imposed an October 2003 cut-off date, and had not produced certain documents dated after 10/31/03. The Special Master issued Special Master's Order #1, ordering defendants to produce unredacted copies of many of the disputed documents and to produce post-October 2003 documents in certain categories. Pursuant to this order, defendants have produced about 12,000 more pages.

The fourth dispute arose over Ethicon's privilege log of about 2,500 documents. The Special Master ruled in June 2005 that a substantial number of a random sample of about 100 documents on the log were not privileged.

Lifecor recently located and produced about 10,000 pages of documents.

Fact discovery closed on April 29, 2005. Expert reports were due June 24, 2005 and expert depositions are now underway.

## II.   Analysis

A.   The 10/31/03 Cut-off

Plaintiff's primary basis for sanctions is defendants' imposition of the October 2003 cut-off for document production. Plaintiff argues that the 11/9/04 Order did not permit defendants to impose any cut-off, that defendants never revealed to plaintiff or the court that they were imposing a unilateral cut-off, and that subsequently produced documents dated after October 2003 are highly relevant and important. Defendants accurately note that the 11/9/04 Order required them to produce only documents that they had agreed to produce in their 7/26/04 supplemental responses – and that in those responses they objected to producing documents dated after plaintiff's surgery in August 2002. Therefore, they argue they have not violated any order or discovery obligation, and gave plaintiff and the court due notice of the cut-off.

The Referee concludes, as he did in Special Master's Order #1, that defendants did not give adequate notice to either plaintiff or the court that they were imposing a cut-off date. First, their objection in the 7/26/04 supplemental responses was a general objection mixed in with boilerplate general objections. Second, the objection referred to the date of plaintiff's surgery, and made no mention of an October 2003 cut-off. Third, in at least two court appearances and several meet-and-confer sessions, defendants evidently made no mention of the cut-off date. Fourth, defendants produced many documents dated after plaintiff's surgery **and** after October 2003, so there was no way for plaintiff to glean that other post-October 2003 documents had been withheld. The Referee concludes that the imposition of the cut-off date was a violation of defendants' discovery obligations, and a violation of the spirit and intent – if perhaps not the precise words – of the 11/9/04 Order.[1]

Defendants object that plaintiff has moved for sanctions instead of moving to produce further documents, as suggested in Special Master's Order #1. They also argue the motion violates the Local Rules because it is not timely. Neither argument is persuasive. At this stage, after four motions to compel and production of documents perhaps still incomplete after 18 months, it is reasonable for a party to seek sanctions. Moreover, plaintiff did notify the Special Master promptly of her intention to file this motion, and then did so soon thereafter.

B.   Late Productions

Plaintiff complains secondarily of routinely delayed document productions, and accuses defendants of intentionally delaying production in order to inhibit plaintiff's ability to depose witnesses and prepare her experts. It is undisputed that defendants produced 8,000 pages more than 2 months after the January 2005 deadline in the 11/9/04 Order, and produced about 22,000 pages of documents after the discovery cutoff in response to the Special Master's orders and as a result of Lifecor's recent discovery of more documents. Defendants offer a series of excuses, ranging from plaintiff's failure to pay copying charges, to change of Lifecor's counsel, to innocent failure to locate certain documents. Defendants also deny that the late productions prejudiced plaintiff, noting that her counsel has made use of the late-produced documents in depositions, and has demonstrated an ability to digest far larger numbers of documents in short order.

The Special Master concludes that the late productions have prejudiced plaintiff's ability to conduct thorough fact depositions. Although the Special Master does not find that the late productions were intentional, they were due in significant part to defendants' assertion of improper objections, many

---

[1] Defendants note that in Special Master's Order #1 the Special Master declined to award sanctions, and found that defendants' objections to producing documents "had sufficient merit to justify a judicial ruling." However, that phrase related to the relevance objections defendants interposed to producing certain categories of documents, not to the imposition of the 10/31/03 cut-off. Although the Special Master was restrained in characterizing that cut-off, he believed then and believes now that it was wholly unjustified.

H:\Quinn\Contratto v. Ethicon.Ord4.071105.doc        3

of which just barely escaped being sanctionable. Moreover, the Special Master's review of a sample of the documents on Ethicon's privilege log leaves him with the uncomfortable feeling that many of the logged documents may not in fact be privileged, and may need to be reviewed *in camera* and produced even further down the road.

### C. Award of Sanctions

In summary, the Special Master does not have confidence that defendants' productions even now have been complete and thorough. Moreover, the few documents redacted or withheld by defendants that plaintiff has brought to the court's attention appear to the Special Master to be highly relevant and fully discoverable (Kershaw decl., Exh. 7-10). It is clear that plaintiff is due some significant relief, and therefore the Special Master will grant this motion and order a combination of sanctions in an effort to redress any injustice.

First, the Special Master declines to impose terminating or evidentiary sanctions. Defendants have a decent argument that they did not violate the express terms of the 11/9/04 Order, although it is clear to the Special Master that they misled, perhaps inadvertently, both plaintiff and the court as to their intentions. Also, their justifications for the late productions are at least plausible and prevent a finding at this time that there has been a concerted plan to withhold or delay productions.

Second, defendants shall pay the plaintiff's attorneys fees incurred for bringing this motion, in addition to 100% of the JAMS charges as required by the Order of Reference. The Special Master declines to award plaintiff the costs of the prior motions to compel, because he was not involved in the first two and he has already found that no sanctions are appropriate for the last two.

Third, defendants shall update all their document productions in all categories from October 2003 through April 29, 2005, the date of the close of fact discovery. Defendants make the valid point that an order requiring them to update productions to the present would require a never-ending production, and plaintiff has not shown at this time that documents generated after April 2005 would be relevant.

Fourth, plaintiff may reopen or notice up to three fact depositions for the sole purpose of examining witnesses about documents produced after January 12, 2005, the deadline contained in the 11/9/04 Order. Defendants shall pay all reasonable travel costs incurred by plaintiff to take such depositions. Such depositions shall be completed not later than August 15, 2005 absent a showing of good cause.

Fifth, all parties shall supplement all prior discovery responses in accordance with Fed. R. Civ. P. 26(e).

### III. Order

Accordingly, good cause appearing, it is ORDERED that plaintiff's motion for sanctions is GRANTED IN PART:

1. Defendants shall pay the plaintiff's attorneys fees incurred for bringing this motion. Plaintiff shall submit evidence of such fees within 10 days; defendants may submit any opposition within 10 days thereafter. The Referee will determine the amount to be awarded without argument.

2. Defendants shall update all their document productions in all categories from October 2003 through April 29, 2005. Absent a showing of good cause, defendants shall complete this document production within 30 days of the service of this Order.

3. Plaintiff may reopen or notice up to three fact depositions for the sole purpose of examining witnesses about documents produced after January 12, 2005. Defendants shall pay all reasonable travel costs incurred by plaintiff to take such depositions. Such depositions shall be completed not later than August 15, 2005 absent a showing of good cause.

4. All parties are ordered to supplement their responses to all prior discovery requests, both responses to written discovery and document productions not later than August 31, 2005. Leave to take further discovery as a result of such supplemental productions will be granted only upon a very compelling showing of good cause, actual prejudice and significant need.

5. The JAMS charges for the Special Master to hear this motion shall be paid 100% by defendants Ethicon and Lifecor.

Dated: July 11, 2005

Martin Quinn, Special Master

H:\Quinn\Contratto v. Ethicon.Ord4.071105.doc        5