Martin Quinn
JAMS
Two Embarcadero Center, Suite 1100
San Francisco, CA 94111
Telephone: (415) 982-5267
Fax: (415) 982-5287

SPECIAL MASTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE CONTRATTO, on behalf of herself and the general public,<br><br>Plaintiff(s),<br><br>vs.<br><br>ETHICON, INC. et al., (dba GYNECARE WORLDWIDE), a New Jersey Corporation; JOHNSON & JOHNSON, a New Jersey Corporation; LIFECOREE BIOMEDICAL, INC., a Florida Corporation; and DOES 1-25,<br><br>Defendant(s). | CASE #: C03-3804 MJJ (BZ)<br>JAMS Ref#: 1100043994<br><br>**SPECIAL MASTER'S ORDER NO. 6: PLAINTIFF'S MOTION FOR SANCTIONS FOR CONDUCT DURING SECOND DEPOSITION SESSION OF DR. DOUGLAS JOHNS** |

Plaintiff's motion for sanctions for counsel's conduct during the second depositions session of Dr. Douglas Johns on September 30, 2005, was presented by written briefs. Counsel waived oral argument. Having considered the arguments of counsel and having read the deposition transcript, the Special Master now orders as follows.

I.   **Relevant Facts**

On September 30, 2005, plaintiff conducted a second deposition session of Dr. Douglas Johns of Ethicon. Plaintiff took this deposition pursuant to the Special Master's Order #4 of July

H:\Quinn\Contratto v Ethicon\Contratto v Ethicon Ord6 101705.doc

11, 2005, which permitted her to redepose certain witnesses about documents that defendants did not timely produce. Plaintiff complains that New York counsel for Ethicon and the witness made excessive and improper objections that both disrupted the questioning and coached the witness. Plaintiff seeks substantial monetary sanctions, and the revocation of the *pro hac vice* admission of the Patterson, Belknap firm, Ethicon's New York counsel.

This is the second time that plaintiff has complained that a Patterson Belknap lawyer has disrupted a deposition. In an informal e-mailed Order on April 15, 2005, the Special Master found that counsel for Ethicon from Patterson Belknap (Mr. Seib) had made excessive and improper objections and statements during the deposition of Dr. James Bracke, and ordered all counsel in the future to restrict their objections to "Objection as to form" or "Objection, FRE ___." In the Johns deposition on this occasion, Ms. Syme from Patterson Belknap, on behalf of Ethicon, made frequent objections to the form of the questions. By plaintiff's count, she objected 364 times during a 252-page deposition.

## II. Analysis

Some of Ms. Syme's objections adhered to the 4/15/05 Order, but many did not. Probably from habit she frequently lapsed into the prohibited format in which counsel states the specific basis for the objection (e.g., "lack of foundation," "calls for speculation")[1]. While a few of Ms. Syme's objections were improper, the vast majority of them were valid, albeit very hyper-technical and often unnecessary. Some counsel might have been distracted or thrown off track by such a blizzard of objections, but Mr. Johnson, the examining attorney, showed no signs of this and made little complaint during the deposition about Ms. Syme's conduct.

It is impossible for the court at a distance and after the fact to control the nuances of counsel's behavior at a deposition. It is difficult to justify punishing counsel for making objections that are excessively technical and largely unnecessary -- if they are correct. The Special Master concludes that Ms. Syme did not adhere to his admonition in the 4/15/05 Order to

---

[1] While it is normally proper to enunciate a short statement of the basis for an objection to form, and it is often helpful to examining counsel to hear the basis, in view of the previous conduct the Special Master determined to further restrict counsel in this case in the form of their objections.

C:\Documents and Settings\Martin Quinn\My Documents\JAMS-laptop\Misc. referee cases\Contratto v Ethicon Ord6 101705.doc

"confine ... objections to those in which the question truly contains an evidentiary problem." She made many objections that only an evidence professor could fathom. "Protecting a record" does not require defending counsel to speak up whenever examining counsel poses a slightly ambiguous or compound or inartful question.

However, the Special Master concludes that this behavior falls well short of the sort of conduct for which sanctions are appropriate. Much of it may simply reflect different styles of practice. Unlike the Bracke deposition in which most of the objections were improper, here they were largely correct. Moreover, examining counsel appeared to survive the objections and to obtain answers from the witness to virtually all his questions. The fact that many of the answers were "I don't know" despite Dr. Johns's high position in the company will be a subject for cross-examination at trial.

All counsel are again admonished in future depositions to restrict their objections to "Object as to form" or "Object, FRE ____." Counsel are also ordered to confine their objections, even those as to form, to those questions that truly present meaningful evidentiary issues.

### III. Order

Accordingly, good cause appearing, it is ORDERED that:

1. Plaintiff's motions for sanctions is DENIED.

2. The JAMS charges for the Special Master to hear this motion shall be paid one-half by plaintiff and one-half by Ethicon.

Dated: October 18, 2005

_____
Martin Quinn, Special Master

C:\Documents and Settings\Martin Quinn\My Documents\JAMS laptop\Misc. referee cases\Contratto v Ethicon Ord6 101705.doc