Martin Quinn
JAMS
Two Embarcadero Center, Suite 1100
San Francisco, CA 94111
Telephone: (415) 982-5267
Fax: (415) 982-5287

SPECIAL MASTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE CONTRATTO, on behalf of herself and the general public,<br><br>Plaintiff(s),<br><br>vs.<br><br>ETHICON, INC. et al., (dba GYNECARE WORLDWIDE), a New Jersey Corporation; JOHNSON & JOHNSON, a New Jersey Corporation; LIFECOREE BIOMEDICAL, INC., a Florida Corporation; and DOES 1-25,<br><br>Defendant(s). | CASE #: C03-3804 MJJ (BZ)<br>JAMS Ref#: 1100043994<br><br>**SPECIAL MASTER'S ORDER NO 7: PLAINTIFF'S MOTION TO REQUIRE DEFENDANTS TO SUPPLEMENT PRODUCTION OF DOCUMENTS** (Hrg., 3/27/06) |

Plaintiff's motion for an order requiring defendant Lifecore to supplement its earlier document productions by producing documents generated after April 29, 2005 that reflect dealings with FDA and other matters related to its possible re-launch of Intergel was heard by the Special Master by telephone conference call on March 27, 2006. Counsel for all parties participated. Having considered the written and oral arguments of counsel, the Special Master now orders as follows.

SPECIAL MASTER'S ORDER NO. 7        1

## I. RELEVANT FACTS

The court's Scheduling Order requires that fact discovery be closed as of April 29, 2005.

Special Master's Order No. 4, issued on July 11, 2005, required defendants to supplement their prior document productions by producing all documents generated up through April 29, 2005. In Order No. 4, the court found that plaintiffs had not at that time demonstrated the relevance of post-4/29/05 documents. Order No. 4 also stated that any further discovery based on the newly-produced documents would be permitted only "upon a very compelling showing of good cause, actual prejudice and significant need."

Defendants complied with Order No. 4 by producing in August 2005 documents dated up through 4/29/05. Since then the parties have prepared 22 expert reports and taken 18 expert depositions. Over a dozen *Daubert* and summary judgment motions have been filed, either set for hearing or pending.

This motion is the first occasion on which plaintiffs have indicated a need to have access to post-4/29/05 documents, or have demanded that they be produced. Evidently, none of the experts indicated any need for such documents.[1]

The documents plaintiff wants would concededly be responsive to various previous discovery requests. (See list attached to plaintiff's 3/15/06 letter brief). Generally speaking, they relate to (1) negotiations with the FDA relating to the re-launch of Intergel, and (2) Lifecore's investigation and testing of Intergel, and (3) changes to labels and manufacturing practices to deal with the presence of particulates in Intergel. Defendants have not contended that the volume of such documents would be burdensome to produce.

//

---

[1] Plaintiffs evidently did request such documents in the parallel Florida state court action, but defendants refused to produce them, citing Order No. 4 in this case.

## II. ANALYSIS

Plaintiff relies on Rule 26(e) that requires a party to supplement a prior document production if the information disclosed has become materially "incomplete or incorrect." She argues that documents pertaining to Lifecore's ongoing, current dealings with the FDA regarding Intergel, and its efforts to relaunch the product, are relevant to her claim that the product injured her. Plaintiff notes that on two occasions Lifecore has reported to the court that "Intergel is expected to return to the market in the near future" – thus trying to justify the product's safety. Lifecore doesn't seriously dispute that the type of documents might be relevant, but notes that its dealings with the FDA over three years after plaintiff's surgery are of little probative value.

The principal dispute centers not on the relevance of the documents, but on the burden of being required to produce them at this time – after the close of discovery and after expert reports and depositions have been completed. Defendants argue the motion is untimely because it could have been brought months earlier, and argue that these documents are unnecessary because neither plaintiff's counsel nor any expert previously complained that they needed more up-to-date documents. Defendants also rely on Order No. 4, which they claim foreclosed production of any documents generated after April 29, 2005. Plaintiff responds that she will not use supplemental documents either to delay the *Daubert* or summary judgment motions, or to require the retaking of expert depositions. She maintains the documents are necessary for trial to rebut any implication by Lifecore that Intergel is or was safe because it is being permitted to return to the market.

The Special Master concludes that Lifecore should not be required to produce post-4/29/05 documents. First, the court has ordered fact discovery closed as of April 29, 2005. While the close of fact discovery does not terminate a party's Rule 26(e) obligation to

supplement "incomplete or incorrect" prior responses, it does confirm the court's intention to put an end to a party's ability to obtain recently generated documents.

Second, Order No. 4 also set a document production deadline of April 29, 2005, on which Lifecore and the other parties have understandably relied. While the Order left the door open for a party to show that post-4/29/05 documents were compellingly relevant, it certainly contemplated that in the normal course no later-generated documents would be produced.

Third, the Special Master believes that Rule 26(e) was primarily directed at requiring a party to disclose newly-discovered information that <u>existed at the time the prior responses were made</u>, but was not then available or known to exist. This is not to say that Rule 26(e) may not be used when appropriate to require a party to disclose information that came into being only <u>after</u> the prior discovery response. But the Special Master does not believe the Rule was primarily intended to require a party automatically to keep producing newly-generated documents that would have been responsive to earlier discovery requests – past the close of discovery and up to or even into trial itself. Such a duty would normally arise only if the newly-created documents really made a prior response <u>wrong</u>. Here, plaintiff does not assert that the prior responses were wrong – just that more events have occurred, and more documents now exist, that bear on Lifecore's prior responses.

Fourth, Lifecore makes the valid point that numerous experts have relied on the documents produced at the time they prepared their reports and gave their depositions. The experts will surely need to review any newly-produced documents, and revise or update their opinions and reports accordingly. The parties should not be put to this last-minute expense without a more compelling showing of need.

Fifth, while plaintiff is naturally interested in any and all of Lifecore's dealings with the FDA, and its efforts to re-market Intergel, at some point the company's actions are so attenuated

SPECIAL MASTER'S ORDER NO. 7                     4

from the situation at the time of her surgery that they are unlikely to prove or disprove the company's wrongdoing or negligence. Plaintiff has not convincingly shown how such documents, produced at this late date in the case, would bear on liability for an allegedly defective product in use 3 ½ years earlier. Many hundreds of documents dealing with FDA proceedings and re-launch activities have already been produced, and it seems more likely that any supplemental production would be cumulative.

### III.  ORDER

1. Plaintiff's motion to compel Lifecore to produce documents generated after April 29, 2005 is DENIED.

2. The JAMS charges for the Special Master to hear and decide this motion shall be paid equally by Lifecore and plaintiff.

Dated:  March 27, 2006

Martin Quinn
Special Master